UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ETHAN OSTROW, and NORA POMPER | ) ) ) |
| Plaintiffs, | ) Case No. 24-CV-01877 ) |
| vs. | ) Honorable Judge Mary M. Rowland ) |
| THOMAS J. DART, SHERIFF OF COOK COUNTY, et al, | ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Now come Defendants, Thomas J. Dart, Sheriff of Cook County, and Cook County, Illinois, by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Edward Brener, and answer Plaintiffs' Complaint as follows:

**INTRODUCTION**

1. Plaintiffs, Ethan Ostrow and Nora Pomper, are two college students who participated in a volunteer creative writing program at the Cook County Jail ("the Jail"). Plaintiffs wrote and published an opinion piece critical of Defendant Sheriff Tom Dart's policy restricting paper within the Jail. In retaliation for the Plaintiffs' First Amendment protected activity, Defendants revoked Plaintiffs' security clearance, preventing them from further participation in the program. The Defendants took these adverse actions solely due to the content of Plaintiffs' speech, in violation of the First Amendment of the United States Constitution.

> **ANSWER: Defendants answer Paragraph One as follows: Defendants admit that Plaintiffs are college students, and that they participated in a creative writing program at Cook County Jail. Defendants further admit that Plaintiffs published an**

**article criticizing the Cook County Sheriff's Office's restrictions on physical paper at Cook County Jail. Defendants deny the remaining allegations in Paragraph One.**

## JURISDICTION AND VENUE

2. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code, 28 U.S.C. § 1331; and the Constitution of the United States.

**ANSWER: Defendants answer Paragraph Two as follows: Defendants admit that Plaintiffs invoke jurisdiction through the cited statutes.**

3. Venue is proper in this District under 28 U.S.C. § 1391(b), as the events that are the basis of these claims occurred in this judicial district.

**ANSWER: Defendants answer Paragraph Three as follows: Defendants admit that venue is proper in this division.**

## PARTIES

4. Plaintiff Ethan Ostrow uses the pronouns "he" and "him" and is an undergraduate student at University of Chicago ("UChicago"). He resides in Cook County.

**ANSWER: Defendants answer Paragraph Four as follows: Defendants admit that Plaintiff Ostrow is a student at the University of Chicago. Defendants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph Four, and therefore deny the same.**

5. Plaintiff Nora Pamper, who also goes by the name "Harley" uses the pronouns "they" and "them" and is an undergraduate student at UChicago. They reside in Cook County.

**ANSWER: Defendants answer Paragraph Five as follows: Defendants admit that Plaintiff Pomper is a student at the University of Chicago. Defendants lack**

> **knowledge sufficient to admit or deny the remaining allegations in Paragraph Five, and therefore deny the same.**

6. Defendant Thomas J. Dart is the Sheriff of Cook County, and he has held that position at all times relevant to this complaint. At all times relevant to this complaint, he was responsible for the day-to-day operations of the Cook County Department of Corrections ("CCDOC"). He is sued in his individual capacity.

> **ANSWER: Defendants answer Paragraph Six as follows: Defendants admit that Thomas J. Dart is the duly elected Sheriff of Cook County, and that he has held that position for the period referenced in Plaintiffs' complaint. Defendants admit that Plaintiffs named Defendant Dart in his individual capacity, but deny any liability hereto. Defendants deny the remaining allegations in Paragraph Six.**

7. Defendant Doe is an employee of the Cook County Sheriff's Office and is responsible for approving or denying security clearance for volunteers participating in programs at the Jail. At all times relevant to this complaint, Defendant Doe was acting within the scope of their employment.

> **ANSWER: Defendants answer Paragraph Seven as follows: The allegations in Paragraph Seven are not directed to Defendants, and therefore no answer is required. To the extent an answer is required, Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in Paragraph Seven, and therefore deny the same.**

8. Plaintiffs join Defendant Cook County as a named defendant, pursuant to *Carver v. Sheriff of LaSalle County,* 324 F. 3d 947 (7th Cir. 2003). Cook County is empowered and directed to pay any judgment for compensatory damages (and associated attorneys' fees and

costs) for which any Cook County employee acting within the scope of their employment is found liable.

**ANSWER: Defendants answer Paragraph Eight as follows: The allegations in Paragraph Eight are improper legal conclusions to which no answer is required.**

9. At all times relevant to this complaint, Defendant Thomas J. Dart was acting within the scope of his employment as Sheriff of Cook County, Illinois and under color of state law.

**ANSWER: Defendants answer Paragraph Nine as follows: The allegations in Paragraph Nine are improper legal conclusions to which no answer is required.**

## FACTUAL ALLEGATIONS

10. Plaintiffs Ostrow and Pomper are two fourth-year students at UChicago. Plaintiffs have participated in a volunteer capacity with the Institute of Politics ("IOP"), a non-partisan extracurricular organization associated with UChicago. The purpose of the IOP program is to provide pathways for students to explore public service, the democratic process, journalism, and the challenges that permeate public policy. The program is designed to assist students in developing the tools to become leaders, advocates, and public servants.

**ANSWER: Defendants answer Paragraph Ten as follows: Defendants admit that Plaintiffs are students at the University of Chicago and admit that they have volunteered with the Institute of Politics through that university. Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph Ten, and therefore deny the same.**

11. The IOP organizes and coordinates the "Bridge Writing Workshop" ("Bridge") program which focuses on literary services for incarcerated individuals.

**ANSWER: Defendants answer Paragraph Eleven as follows: Defendants admit the allegations in Paragraph Eleven.**

12. Beginning in September 2021, Plaintiffs Ostrow and Pomper volunteered with the Bridge program, leading writing workshops for people incarcerated in the Jail.

**ANSWER: Defendants answer Paragraph Twelve as follows: Defendants admit the allegations in Paragraph Twelve.**

13. In order to participate in the Bridge program, Plaintiffs were required to receive a security clearance.

**ANSWER: Defendants answer Paragraph Thirteen as follows: Defendants admit the allegations in Paragraph Thirteen.**

14. Prior to September 2021, Plaintiffs submitted the necessary information and received the proper security clearance through CCDOC. They participated in the Bridge program throughout the entire 2021-2022 school year.

**ANSWER: Defendants answer Paragraph Fourteen as follows: Defendants admit the allegations in Paragraph Fourteen.**

15. Plaintiffs wished to continue participating in the Bridge program. They again submitted the necessary information and received the proper security clearance in advance of the 2022-2023 school year. They participated in the program throughout the entire school year.

**ANSWER: Defendants answer Paragraph Fifteen as follows: Defendants lack knowledge sufficient to form a belief as to the truth of the allegations regarding the Plaintiffs' wishes, and therefore deny the same. Defendants admit the remaining allegations in Paragraph Fifteen.**

16. In April of 2023, Defendant Dart and the CCDOC began implementing restrictive policies regarding paper products entering the facility.

**ANSWER: Defendants answer Paragraph Sixteen as follows: Defendants deny the allegations in Paragraph Sixteen.**

17. The restrictions made it extremely challenging, if not impossible, for people incarcerated in the Jail to receive and access paper material.

**ANSWER: Defendants answer Paragraph Seventeen as follows: Defendants deny the allegations in Paragraph Seventeen.**

18. As part of the policy, visitors and volunteers were restricted from bringing paper into the facility. This included attorneys, preventing them from being able to review documents with their clients.

**ANSWER: Defendants answer Paragraph Eighteen as follows: Defendants deny the allegations in Paragraph Eighteen.**

19. There were reports of Jail employees confiscating detainees' books, documents, photographs, letters, and other personal effects.

**ANSWER: Defendants answer Paragraph Nineteen as follows: Defendants lack knowledge sufficient to form a belief as to the truth of the unsubstantiated rumors cited in Paragraph Nineteen, and therefore deny the same.**

20. Many people were critical of these policies, including people incarcerated in the Jail, their loved ones, criminal justice advocates, and attorneys. Critics of the policy believed it amounted to a "paper ban."

**ANSWER: Defendants answer Paragraph Twenty as follows: Defendants lack knowledge sufficient to form a belief as to the truth of the alleged criticisms and**

**beliefs of the unnamed people in Paragraph Twenty, and therefore deny the same. Defendants admit that Plaintiffs accused Defendant Dart of instituting a "paper ban" at Cook County Jail.**

21. On May 21, 2023, Plaintiffs wrote an opinion piece, which was published by the Chicago Sun-Times with the headline "Cook County Jail's paper ban infringes on Intellectual Freedom."

**ANSWER: Defendants answer Paragraph Twenty-One as follows: Defendants admit that, on May 21, 2023, Plaintiffs published an article in the Chicago Sun-Times under the referenced headline. Defendants deny the remaining allegations in Paragraph Twenty-One.**

22. The piece stated factual information regarding the Defendants' policies and expressed Plaintiffs' opinion that the Jail's restrictions on paper impeded the intellectual development of people incarcerated at CCJ. The piece described Plaintiffs' opinion that "a ban on paper products is a ban on education, expression and exploration..."

**ANSWER: Defendants answer Paragraph Twenty-Two as follows: Defendants admit that Plaintiffs' published article included facts and their opinions regarding the limitations placed on physical paper at Cook County Jail, but deny any inference that the article was limited to facts and Plaintiffs' opinions. Defendants deny the remaining allegations in Paragraph Twenty-Two.**

23. On May 30, 2023, Defendant Sheriff Tom Dart wrote his own opinion piece, also published in the Chicago Sun-Times, entitled "Drug-laced paper secretly brought into Cook County Jail is dangerous for inmates." The piece provided Defendant Dart's purported justifications for his policies.

**ANSWER: Defendants answer Paragraph Twenty-Three as follows: Defendants deny that Sheriff Dart's article provided his "purported justifications" for the limitations on physical paper at Cook County Jail. Defendants admit the remaining allegations in Paragraph Twenty-Three.**

24. Defendant Dart also characterized "criminal justice advocates" who criticized his policy as engaging in a "disinformation campaign."

**ANSWER: Defendants answer Paragraph Twenty-Four as follows: Defendants admit the allegations in Paragraph Twenty-Four.**

25. Plaintiffs continued facilitating the Bridge program as planned through May 30, 2023, the last scheduled date of the program.

**ANSWER: Defendants answer Paragraph Twenty-Five as follows: Defendants admit the allegations in Paragraph Twenty-Five.**

### Defendants' Acts of Retaliation and the Resulting Harm

26. Plaintiffs greatly appreciated and benefited from their participation in the Bridge program and desired to continue participating in the program for the 2023-2024 school year.

**ANSWER: Defendants answer Paragraph Twenty-Six as follows: Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in Paragraph Twenty-Six, and therefore deny the same.**

27. Plaintiffs reapplied for security clearance in September 2023 and again provided the necessary information. They were informed that they did not receive the necessary clearance required for them to participate in the program at the Jail.

**ANSWER: Defendants answer Paragraph Twenty-Seven as follows: Defendants admit the allegations in Paragraph Twenty-Seven.**

28. Of the twelve students in the Bridge program, Plaintiffs were the only students whose security clearance was denied.

**ANSWER: Defendants answer Paragraph Twenty-Eight as follows: Defendants admit that Plaintiffs are the only students whose security clearances for the Bridge Writing Program were denied in Fall 2023. Defendants deny the remaining allegations in Paragraph Twenty-Eight.**

29. Upon information and belief, the decision to deny Plaintiffs' security clearance was made by Defendant Dart or in the alternative, was made by Defendant Doe at Defendant Dart's direction and with his approval.

**ANSWER: Defendants answer Paragraph Twenty-Nine as follows: Defendants deny the allegations in Paragraph Twenty-Nine.**

30. Defendants denied security clearance to Plaintiffs because of the opinions expressed by Plaintiffs in their Sun-Times piece.

**ANSWER: Defendants answer Paragraph Thirty as follows: Defendants deny that Plaintiffs' security clearances were denied because of their opinions.**

31. Defendants had no legitimate penological purpose to deny security clearance to Plaintiffs. At no point did Plaintiffs violate jeopardize safety or security through their participation in the Bridge program. The sole basis for denying security clearance was the Plaintiffs' activity protected by the First Amendment.

**ANSWER: Defendants answer Paragraph Thirty-One as follows: Defendants deny the allegations in Paragraph Thirty-One.**

32. Defendants confirmed that Plaintiffs were denied security clearance based solely on their speech. A representative of Defendant Dart stated in an email to the Hyde Park Herald

that Plaintiffs had been denied access because they spread "disinformation," in reference to their Sun-Times opinion piece.

**ANSWER: Defendants answer Paragraph Thirty-Two as follows: Defendants deny that Plaintiffs' article is accurately characterized as "opinion." Defendants admit the remaining allegations in Paragraph Thirty-Two.**

33. Defendants denied Plaintiffs' security clearance based solely on the content of their speech.

**ANSWER: Defendants answer Paragraph Thirty-Three as follows: Defendants admit the allegations in Paragraph Thirty-Three.**

34. Defendants' actions amount to viewpoint discrimination because they took adverse action against Plaintiffs based on Plaintiffs' views. Plaintiffs expressed disagreement with Defendants' policies regarding an issue of political and public concern.

**ANSWER: Defendants answer Paragraph Thirty-Four as follows: The allegations in Paragraph Thirty-Four are legal conclusions to which no answer is required. However, to the extent an answer is required, Defendants deny the allegations in Paragraph Thirty-Four.**

35. As a result of Defendants' actions, Plaintiffs Ostrow and Pomper have suffered and continue to suffer harm in that, inter alia, they are being prevented from meaningful participation in an extracurricular collegiate program, which has prevented them developing meaningful relationships with other students and individuals incarcerated in the Jail, and negatively impacted their future academic and professional opportunities.

**ANSWER: Defendants answer Paragraph Thirty-Five as follows: Defendants lack knowledge sufficient to form a belief as to the truth of the allegations regarding**

**Plaintiffs' present day harm, and therefore deny the same. The allegations regarding Plaintiffs' future injuries to their future academic and professional opportunities are speculative and Defendants deny the same.**

## COUNT I
## 42 U.S.C. § 1983 Violation of First Amendment

36. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

**ANSWER: Defendants reassert their answers to Paragraphs One through Thirty-Five.**

37. Defendants violated Plaintiffs' rights under the First Amendment of the United States Constitution by restricting Plaintiffs' ability to engage in First Amendment protected activity through their ability to speak freely regarding Defendants' policies and their full participation in their school's Bridge program.

**ANSWER: Defendants answer Paragraph Thirty-Seven as follows: Defendants deny the allegations in Paragraph Thirty-Seven.**

38. The decision by Defendants to deny security clearance to the Plaintiffs served no legitimate penological purpose.

**ANSWER: Defendants answer Paragraph Thirty-Eight as follows: Defendants deny the allegations in Paragraph Thirty-Eight.**

39. The misconduct described in this count was undertaken intentionally, with malice, deliberate indifference, and/or with reckless disregard of Plaintiffs' rights.

**ANSWER: Defendants answer Paragraph Thirty-Nine as follows: Defendants deny the allegations in Paragraph Thirty-Nine.**

40. The unconstitutional actions of the Defendants were the direct and proximate cause of Plaintiffs' harm.

**ANSWER: Defendants answer Paragraph Forty as follows: Defendants deny the allegations in Paragraph Forty.**

## COUNT II
## 42 U.S.C. § 1983 Claim for First Amendment Retaliation

41. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

**ANSWER: Defendants reassert their answers to Paragraphs One through Forty.**

42. Through voicing their opinion via an article in the Chicago Sun-Times, Plaintiffs were participating in protected First Amendment activity. Defendants took the aforementioned actions to deter Plaintiffs from continuing to engage in this First Amended protected activity. This First Amendment protected activity was the motivating factor in Defendants' decision to terminate Plaintiffs security clearance and to further retaliate against Plaintiffs, and punish them for the exercise of their First Amendment rights.

**ANSWER: Defendants answer Paragraph Forty-Two as follows: Defendants deny the allegations in Paragraph Forty-Two.**

43. The misconduct described in this count was undertaken intentionally, with malice, deliberate indifference, and/or with reckless disregard of Plaintiffs' rights.

**ANSWER: Defendants answer Paragraph Forty-Three as follows: Defendants deny the allegations in Paragraph Forty-Three.**

44. As a result of the misconduct described in this count, Plaintiffs' rights were violated and they suffered harm.

**ANSWER: Defendants answer Paragraph Forty-Four as follows: Defendants deny the allegations in Paragraph Forty-Four.**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against all Defendants, for preliminary and permanent injunctive and equitable relief,

including but not limited to, reinstatement of Plaintiffs' security clearance in order to continue participation in the Bridge program; and for monetary relief including punitive damages, and attorneys' fees and costs, and for any other relief that this Court deems just and proper.

**ANSWER: Defendants deny that Plaintiffs are entitled to any relief whatsoever.**

### JURY DEMAND

Defendants demand a trial by jury.

        Respectfully submitted,

        KIMBERLY M. FOXX
        State's Attorney of Cook County

By:    */s/: Edward Brener*
        Edward Brener
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-5971
        Edward.brener@cookcountysao.org