UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ETHAN OSTROW, and<br>NORA POMPER<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS J. DART, SHERIFF OF COOK COUNTY, DEFENDANT DOE, and COOK COUNTY, ILLINOIS<br><br>Defendants. | Honorable Mary M. Rowland<br><br>24-cv-01877<br><br>JURY DEMAND |

## CORRECTED FIRST AMENDED COMPLAINT

Ethan Ostrow and Nora Pomper, by and through their counsel, Brad J. Thomson and Tayleece Paul, of People's Law Office bring this complaint against defendants Thomas J. Dart, Sherriff of Cook County, Defendant Doe, and Cook County, Illinois, as follows:

### INTRODUCTION

1. Plaintiffs, Ethan Ostrow and Nora Pomper, are two college students who participated in a volunteer creative writing program at the Cook County Jail ("the Jail"). Plaintiffs wrote and published an opinion piece critical of Defendant Sheriff Tom Dart's policy restricting paper within the Jail. In retaliation for the Plaintiffs' First Amendment protected activity, Defendants revoked Plaintiffs'

1

security clearance, preventing them from further participation in the program. The Defendants took these adverse actions solely due to the content of Plaintiffs' speech, in violation of the First Amendment of the United States Constitution.

## JURISDICTION AND VENUE

2. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code, 28 U.S.C. § 1331; and the Constitution of the United States.

3. Venue is proper in this District under 28 U.S.C. § 1391(b), as the events that are the basis of these claims occurred in this judicial district.

## PARTIES

4. Plaintiff Ethan Ostrow uses the pronouns "he" and "him" and is an undergraduate student at University of Chicago ("UChicago"). He resides in Cook County.

5. Plaintiff Nora Pomper, who also goes by the name "Harley" uses the pronouns "they" and "them" and is an undergraduate student at UChicago. They reside in Cook County.

6. Defendant Thomas J. Dart is the Sheriff of Cook County, and he has held that position at all times relevant to this complaint. At all times relevant to this complaint, he was responsible for the day-to-day operations of the Cook County Department of Corrections ("CCDOC"). He is sued in his individual capacity.

7. Defendant Doe is an employee of the Cook County Sheriff's Office and is responsible for approving or denying security clearance for volunteers

participating in programs at the Jail. At all times relevant to this complaint, Defendant Doe was acting within the scope of their employment.

8. Plaintiffs join Defendant Cook County as a named defendant, pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003). Cook County is empowered and directed to pay any judgment for compensatory damages (and associated attorneys' fees and costs) for which any Cook County employee acting within the scope of their employment is found liable.

9. At all times relevant to this complaint, Defendant Thomas J. Dart was acting within the scope of his employment as Sheriff of Cook County, Illinois and under color of state law.

## FACTUAL ALLEGATIONS

10. Plaintiffs Ostrow and Pomper are two fourth-year students at UChicago. Plaintiffs have participated in a volunteer capacity with the Institute of Politics ("IOP"), a non-partisan extracurricular organization associated with UChicago. The purpose of the IOP program is to provide pathways for students to explore public service, the democratic process, journalism, and the challenges that permeate public policy. The program is designed to assist students in developing the tools to become leaders, advocates, and public servants.

11. The IOP organizes and coordinates the "Bridge Writing Workshop" ("Bridge") program which focuses on literary services for incarcerated individuals.

12. Beginning in September 2021, Plaintiffs Ostrow and Pomper volunteered with the Bridge program, leading writing workshops for people incarcerated in the Jail.

13. In order to participate in the Bridge program, Plaintiffs were required to receive a security clearance.

14. Prior to September 2021, Plaintiffs submitted the necessary information and received the proper security clearance through CCDOC. They participated in the Bridge program throughout the entire 2021-2022 school year.

15. Plaintiffs wished to continue participating in the Bridge program. They again submitted the necessary information and received the proper security clearance in advance of the 2022-2023 school year. They participated in the program throughout the entire school year.

16. In April of 2023, Defendant Dart and the CCDOC began implementing restrictive policies regarding paper products entering the facility.

17. The restrictions made it extremely challenging, if not impossible, for people incarcerated in the Jail to receive and access paper material.

18. As part of the policy, visitors and volunteers were restricted from bringing paper into the facility. This included attorneys, preventing them from being able to review documents with their clients.

19. There were reports of Jail employees confiscating detainees' books, documents, photographs, letters, and other personal effects.

20. Many people were critical of these policies, including people incarcerated in the Jail, their loved ones, criminal justice advocates, and attorneys. Critics of the policy believed it amounted to a "paper ban."

21. On May 21, 2023, Plaintiffs wrote an opinion piece, which was published by the Chicago Sun-Times with the headline "Cook County Jail's paper ban infringes on Intellectual Freedom."

22. The piece stated factual information regarding the Defendants' policies and expressed Plaintiffs' opinion that the Jail's restrictions on paper impeded the intellectual development of people incarcerated at CCJ. The piece described Plaintiffs' opinion that "a ban on paper products is a ban on education, expression and exploration…"

23. On May 30, 2023, Defendant Sheriff Tom Dart wrote his own opinion piece, also published in the Chicago Sun-Times, entitled "Drug-laced paper secretly brought into Cook County Jail is dangerous for inmates." The piece provided Defendant Dart's purported justifications for his policies.

24. Defendant Dart also characterized "criminal justice advocates" who criticized his policy as engaging in a "disinformation campaign."

25. Plaintiffs continued facilitating the Bridge program as planned through May 30, 2023, the last scheduled date of the program.

**Defendants' Acts of Retaliation and the Resulting Harm**

26. Plaintiffs greatly appreciated and benefited from their participation in the Bridge program and desired to continue participating in the program for the 2023-2024 school year.

27. Plaintiffs reapplied for security clearance in September 2023 and again provided the necessary information. They were informed that they did not receive the necessary clearance required for them to participate in the program at the Jail.

28. Of the twelve students in the Bridge program, Plaintiffs were the only students whose security clearance was denied.

29. Upon information and belief, the decision to deny Plaintiffs' security clearance was made by Defendant Dart or in the alternative, was made by Defendant Doe at Defendant Dart's direction and with his approval.

30. Defendants denied security clearance to Plaintiffs because of the opinions expressed by Plaintiffs in their Sun-Times piece.

31. Defendants had no legitimate penological purpose to deny security clearance to Plaintiffs. At no point did Plaintiffs violate jeopardize safety or security through their participation in the Bridge program. The sole basis for denying security clearance was the Plaintiffs' activity protected by the First Amendment.

32. Defendants confirmed that Plaintiffs were denied security clearance based solely on their speech. A representative of Defendant Dart stated in an email to the Hyde Park Herald that Plaintiffs had been denied access because they spread "disinformation," in reference to their Sun-Times opinion piece.

33. Defendants denied Plaintiffs' security clearance based solely on the content of their speech.

34. Defendants' actions amount to viewpoint discrimination because they took adverse action against Plaintiffs based on Plaintiffs' views. Plaintiffs expressed disagreement with Defendants' policies regarding an issue of political and public concern.

35. As a result of Defendants' actions, Plaintiffs Ostrow and Pomper have suffered and continue to suffer harm in that, *inter alia*, they are being prevented from meaningful participation in an extracurricular collegiate program, which has prevented them developing meaningful relationships with other students and individuals incarcerated in the Jail, and negatively impacted their future academic and professional opportunities.

## COUNT I
## 42 U.S.C. § 1983 Violation of First Amendment

36. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

37. Defendants violated Plaintiffs' rights under the First Amendment of the United States Constitution by restricting Plaintiffs' ability to engage in First Amendment protected activity through their ability to speak freely regarding Defendants' policies and their full participation in their school's Bridge program.

38. The decision by Defendants to deny security clearance to the Plaintiffs served no legitimate penological purpose.

39. The misconduct described in this count was undertaken intentionally, with malice, deliberate indifference, and/or with reckless disregard of Plaintiffs' rights.

40. The unconstitutional actions of the Defendants were the direct and proximate cause of Plaintiffs' harm.

## COUNT II
### 42 U.S.C. § 1983 Claim for First Amendment Retaliation

41. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

42. Through voicing their opinion via an article in the Chicago Sun-Times, Plaintiffs were participating in protected First Amendment activity. Defendants took the aforementioned actions to deter Plaintiffs from continuing to engage in this First Amended protected activity. This First Amendment protected activity was the motivating factor in Defendants' decision to terminate Plaintiff's security clearance and to further retaliate against Plaintiffs, and punish them for the exercise of their First Amendment rights.

43. The misconduct described in this count was undertaken intentionally, with malice, deliberate indifference, and/or with reckless disregard of Plaintiffs' rights.

44. As a result of the misconduct described in this count, Plaintiffs' rights were violated and they suffered harm.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against all Defendants, and for monetary relief including punitive damages, and attorneys' fees and costs, and for any other relief that this Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all counts, pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the United States Constitution.

Dated: July 10, 2024

Respectfully Submitted,

 /s/ Brad J. Thomson
Brad J. Thomson
Tayleece Paul
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070

Attorneys for Plaintiffs Ethan Ostrow and Nora Pomper