UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ETHAN OSTROW, and <br> NORA POMPER | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Case No. 24-CV-01877 |
| vs. | ) <br> ) | Hon. Judge Mary M. Rowland |
| THOMAS J. DART, SHERIFF OF COOK COUNTY, DEFENDANT DOE, and COOK COUNTY, ILLINOIS | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**DEFENDANT DART'S ANSWER TO PLAINTIFFS'
CORRECTED FIRST AMENDED COMPLAINT**

Now comes Defendant, Thomas J. Dart, Sheriff of Cook County, by his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Edward M. Brener, and answers Plaintiff's Corrected First Amended Complaint as follows:

**INTRODUCTION**

1. Plaintiffs, Ethan Ostrow and Nora Pomper, are two college students who participated in a volunteer creative writing program at the Cook County Jail ("the Jail"). Plaintiffs wrote and published an opinion piece critical of Defendant Sheriff Tom Dart's policy restricting paper within the Jail. In retaliation for the Plaintiffs' First Amendment protected activity, Defendants revoked Plaintiffs' security clearance, preventing them from further participation in the program. The Defendants took these adverse actions solely due to the content of Plaintiffs' speech, in violation of the First Amendment of the United States Constitution.

**ANSWER: Defendant Dart answers Paragraph One as follows: Defendant admits that Plaintiffs are college students, and that they participated in a creative writing program at Cook County Department of Corrections. Defendant further admits that Plaintiffs were attributed to have written an article entitled "Cook County Jail's paper ban infringes on Intellectual Freedom". Defendant denies the remaining allegations in Paragraph One.**

## JURISDICTION AND VENUE

2. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code, 28 U.S.C. § 1331; and the Constitution of the United States.

**ANSWER: Defendant Dart answers Paragraph Two as follows: Defendant admits that Plaintiffs invoke jurisdiction through the cited statutes.**

3. Venue is proper in this District under 28 U.S.C. § 1391(b), as the events that are the basis of these claims occurred in this judicial district.

**ANSWER: Defendant Dart answers Paragraph Three as follows: Defendant admits that venue is proper in this division.**

## PARTIES

4. Plaintiff Ethan Ostrow uses the pronouns "he" and "him" and is an undergraduate student at University of Chicago ("UChicago"). He resides in Cook County.

**ANSWER: Defendant Dart lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph Four, and therefore denies the same.**

5. Plaintiff Nora Pomper, who also goes by the name "Harley" uses the pronouns "they" and "them" and is an undergraduate student at UChicago. They reside in Cook County.

**ANSWER: Defendant Dart lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph Four, and therefore denies the same.**

6. Defendant Thomas J. Dart is the Sheriff of Cook County, and he has held that position at all times relevant to this complaint. At all times relevant to this complaint, he was responsible for the day-to-day operations of the Cook County Department of Corrections ("CCDOC"). He is sued in his individual capacity.

**ANSWER: Defendant Dart answers Paragraph Six as follows: Defendant admits that he is the duly elected Sheriff of Cook County, and that he has held that position for the period referenced in Plaintiffs' Corrected First Amended Complaint. Defendant admits that Plaintiffs name him in his individual capacity, but denies that such an action is legally proper and denies any liability whatsoever. Defendant denies the remaining allegations in Paragraph Six.**

7. Defendant Doe is an employee of the Cook County Sheriff's Office and is responsible for approving or denying security clearance for volunteers participating in programs at the Jail. At all times relevant to this complaint, Defendant Doe was acting within the scope of their employment.

**ANSWER: Defendant Dart answers Paragraph Seven as follows: The allegations in Paragraph Seven are not directed to Defendant Dart, and therefore no answer is required. To the extent an answer is required, Defendant Dart lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph Seven, and therefore deny the same**

8. Plaintiffs join Defendant Cook County as a named defendant, pursuant to Carver v. Sheriff of LaSalle County, 324 F. 3d 947 (7th Cir. 2003). Cook County is empowered and directed to pay any judgment for compensatory damages (and associated attorneys' fees and

costs) for which any Cook County employee acting within the scope of their employment is found liable.

> **ANSWER: Defendant Dart answers Paragraph Eight as follows: the cited legal authority in Paragraph Eight speaks for itself. To the extent Paragraph Eight is inconsistent with the cited legal authority, Defendant Dart denies Paragraph Eight.**

9. At all times relevant to this complaint, Defendant Thomas J. Dart was acting within the scope of his employment as Sheriff of Cook County, Illinois and under color of state law.

> **ANSWER: Defendant Dart answers Paragraph Nine as follows: The allegations in Paragraph Nine are legal conclusions to which no response is required.**

## FACTUAL ALLEGATIONS

10. Plaintiffs Ostrow and Pomper are two fourth-year students at UChicago. Plaintiffs have participated in a volunteer capacity with the Institute of Politics ("IOP"), a non-partisan extracurricular organization associated with UChicago. The purpose of the IOP program is to provide pathways for students to explore public service, the democratic process, journalism, and the challenges that permeate public policy. The program is designed to assist students in developing the tools to become leaders, advocates, and public servants.

> **ANSWER: Defendant Dart answers Paragraph Ten as follows: Defendant Dart admits that Plaintiffs have volunteered with the Institute of Politics through that university. Defendant Dart lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph Ten, and therefore denies the same.**

11. The IOP organizes and coordinates the "Bridge Writing Workshop" ("Bridge") program which focuses on literary services for incarcerated individuals.

**ANSWER: Defendant Dart answers Paragraph Eleven as follows: Defendant Dart admits that the IOP and the Cook County Department of Corrections ("CCDOC") jointly organized the Bridge Writing Workshop to work inside the CCDOC, focusing on literary services for Individuals In Custody. Defendant Dart lacks knowledge sufficient to form a belief as to the remaining allegations in Paragraph Eleven, and therefore denies the same.**

12. Beginning in September 2021, Plaintiffs Ostrow and Pomper volunteered with the Bridge program, leading writing workshops for people incarcerated in the Jail.

**ANSWER: Defendant Dart answers Paragraph Twelve as follows: Defendant Dart admits the allegations in Paragraph Twelve.**

13. In order to participate in the Bridge program, Plaintiffs were required to receive a security clearance.

**ANSWER: Defendant Dart answers Paragraph Thirteen as follows: Defendant Dart admits the allegations in Paragraph Thirteen.**

14. Prior to September 2021, Plaintiffs submitted the necessary information and received the proper security clearance through CCDOC. They participated in the Bridge program throughout the entire 2021-2022 school year.

**ANSWER: Defendant Dart answers Paragraph Fourteen as follows: Defendant Dart admits the allegations in Paragraph Fourteen.**

15. Plaintiffs wished to continue participating in the Bridge program. They again submitted the necessary information and received the proper security clearance in advance of the 2022-2023 school year. They participated in the program throughout the entire school year.

**ANSWER: Defendant Dart answers Paragraph Fifteen as follows: Defendant Dart lacks knowledge sufficient to form a belief as to the truth of the allegations**

**regarding the Plaintiffs' wishes, and therefore denies the same. Defendant Dart admits the remaining allegations in Paragraph Fifteen.**

16. In April of 2023, Defendant Dart and the CCDOC began implementing restrictive policies regarding paper products entering the facility.

**ANSWER: Defendant Dart answers Paragraph Sixteen as follows: Defendant Dart denies the allegations in Paragraph Sixteen.**

17. The restrictions made it extremely challenging, if not impossible, for people incarcerated in the Jail to receive and access paper material.

**ANSWER: Defendant Dart answers Paragraph Seventeen as follows: Defendant Dart denies the allegations in Paragraph Seventeen.**

18. As part of the policy, visitors and volunteers were restricted from bringing paper into the facility. This included attorneys, preventing them from being able to review documents with their clients.

**ANSWER: Defendant Dart answers Paragraph Eighteen as follows: Defendant Dart denies the allegations in Paragraph Eighteen.**

19. There were reports of Jail employees confiscating detainees' books, documents, photographs, letters, and other personal effects.

**ANSWER: Defendant Dart answers Paragraph Nineteen as follows: Defendant Dart lack knowledge sufficient to form a belief as to the truth of the unsubstantiated rumors cited in Paragraph Nineteen, and therefore denies the same.**

20. Many people were critical of these policies, including people incarcerated in the Jail, their loved ones, criminal justice advocates, and attorneys. Critics of the policy believed it amounted to a "paper ban."

**ANSWER: Defendant Dart answers Paragraph Twenty as follows: Defendant Dart lacks knowledge sufficient to form a belief as to the truth of the alleged criticisms and beliefs of the unnamed people in Paragraph Twenty, and therefore denies the same. Defendant Dart admits that Plaintiffs accused him of instituting a "paper ban" at Cook County Department of Corrections.**

21. On May 21, 2023, Plaintiffs wrote an opinion piece, which was published by the Chicago Sun-Times with the headline "Cook County Jail's paper ban infringes on Intellectual Freedom."

**ANSWER: Defendant Dart answers Paragraph Twenty-One as follows: Defendant Dart admits that, on May 21, 2023, the Chicago Sun-Times published an article under the referenced headline. Defendant Dart denies the remaining allegations in Paragraph Twenty-One.**

22. The piece stated factual information regarding the Defendants' policies and expressed Plaintiffs' opinion that the Jail's restrictions on paper impeded the intellectual development of people incarcerated at CCJ. The piece described Plaintiffs' opinion that "a ban on paper products is a ban on education, expression and exploration…"

**ANSWER: Defendant Dart answers Paragraph Twenty-Two as follows: Defendant Dart admits that Plaintiffs' published article included their opinions regarding the limitations placed on physical paper at Cook County Department of Corrections, but denies any inference that the article was limited to facts, to "factual arguments", or to Plaintiffs' opinions. Defendants deny the remaining allegations in Paragraph Twenty-Two.**

23. On May 30, 2023, Defendant Sheriff Tom Dart wrote his own opinion piece, also published in the Chicago Sun-Times, entitled "Drug-laced paper secretly brought into Cook County Jail is dangerous for inmates." The piece provided Defendant Dart's purported justifications for his policies.

**ANSWER: Defendant Dart answers Paragraph Twenty-Three as follows: Defendant Dart denies that the referenced article provided his "purported justifications" for the limitations on physical paper at Cook County Department of Corrections. Defendant Dart admits the remaining allegations in Paragraph Twenty-Three**

24. Defendant Dart also characterized "criminal justice advocates" who criticized his policy as engaging in a "disinformation campaign."

**ANSWER: Defendant Dart answers Paragraph Twenty-Four as follows: Defendant Dart admits that the piece in the Chicago Sun-Times included that some criminal justice advocates have embarked on an intentionally misleading disinformation campaign.**

25. Plaintiffs continued facilitating the Bridge program as planned through May 30, 2023, the last scheduled date of the program.

**ANSWER: Defendant Dart answers Paragraph Twenty-Five as follows: Defendant Dart admits the allegations in Paragraph Twenty-Five.**

26. Plaintiffs greatly appreciated and benefited from their participation in the Bridge program and desired to continue participating in the program for the 2023-2024 school year.

**ANSWER: Defendant Dart answers Paragraph Twenty-Six as follows: Defendant Dart lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph Twenty-Six, and therefore denies the same.**

27. Plaintiffs reapplied for security clearance in September 2023 and again provided the necessary information. They were informed that they did not receive the necessary clearance required for them to participate in the program at the Jail.

**ANSWER: Defendant Dart answers Paragraph Twenty-Seven as follows: Defendant Dart admits the allegations in Paragraph Twenty-Seven.**

28. Of the twelve students in the Bridge program, Plaintiffs were the only students whose security clearance was denied.

**ANSWER: Defendant Dart answers Paragraph Twenty-Eight as follows: Defendant Dart admits that Plaintiffs' security clearances for the Bridge Writing Program were denied in Fall 2023. Defendant Dart denies the remaining allegations in Paragraph Twenty-Eight.**

29. Upon information and belief, the decision to deny Plaintiffs' security clearance was made by Defendant Dart or in the alternative, was made by Defendant Doe at Defendant Dart's direction and with his approval.

**ANSWER: Defendant Dart answers Paragraph Twenty-Nine as follows: Defendant Dart denies the allegations in Paragraph Twenty-Nine.**

30. Defendants denied security clearance to Plaintiffs because of the opinions expressed by Plaintiffs in their Sun-Times piece.

**ANSWER: Defendant Dart answers Paragraph Thirty as follows: Defendant Dart denies the allegations in Paragraph Thirty.**

31. Defendants had no legitimate penological purpose to deny security clearance to Plaintiffs. At no point did Plaintiffs violate jeopardize safety or security through their

participation in the Bridge program. The sole basis for denying security clearance was the Plaintiffs' activity protected by the First Amendment.

> **ANSWER: Defendant Dart answers Paragraph Thirty-One as follows: Defendant Dart denies the allegations in Paragraph Thirty-One.**

32. Defendants confirmed that Plaintiffs were denied security clearance based solely on their speech. A representative of Defendant Dart stated in an email to the Hyde Park Herald that Plaintiffs had been denied access because they spread "disinformation," in reference to their Sun-Times opinion piece.

> **ANSWER: Defendant Dart answers Paragraph Thirty-Two as follows: The allegations regarding a third-party communication to the Hyde Park Herald are not directed to Defendant Dart, and therefore no answer is required. Defendant Dart denies the remaining allegations in Paragraph Thirty-Two.**

33. Defendants denied Plaintiffs' security clearance based solely on the content of their speech.

> **ANSWER: Defendant Dart answers Paragraph Thirty-Three as follows: Defendant Dart denies the allegations in Paragraph Thirty-Three.**

34. Defendants' actions amount to viewpoint discrimination because they took adverse action against Plaintiffs based on Plaintiffs' views. Plaintiffs expressed disagreement with Defendants' policies regarding an issue of political and public concern.

> **ANSWER: Defendant Dart answers Paragraph Thirty-Four as follows: Defendant Dart denies the allegations in Paragraph Thirty-Four.**

35. As a result of Defendants' actions, Plaintiffs Ostrow and Pomper have suffered and continue to suffer harm in that, inter alia, they are being prevented from meaningful

participation in an extracurricular collegiate program, which has prevented them developing meaningful relationships with other students and individuals incarcerated in the Jail, and negatively impacted their future academic and professional opportunities.

**ANSWER: Defendant Dart answers Paragraph Thirty-Five as follows: Defendant Dart lacks knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' present-day harm, and therefore denies the same. The allegations regarding Plaintiffs' future injuries to their future academic and professional opportunities are speculative and Defendant Dart denies the same.**

## COUNT I
### 42 U.S.C. § 1983 Violation of First Amendment

36. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

**ANSWER: Defendant Dart reasserts his answers to Paragraphs One through Thirty-Five.**

37. Defendants violated Plaintiffs' rights under the First Amendment of the United States Constitution by restricting Plaintiffs' ability to engage in First Amendment protected activity through their ability to speak freely regarding Defendants' policies and their full participation in their school's Bridge program.

**ANSWER: Defendant Dart answers Paragraph Thirty-Seven as follows: Defendant Dart denies the allegations in Paragraph Thirty-Seven.**

38. The decision by Defendants to deny security clearance to the Plaintiffs served no legitimate penological purpose.

**ANSWER: Defendant Dart answers Paragraph Thirty-Eight as follows: Defendant Dart denies the allegations in Paragraph Thirty-Eight.**

39. The misconduct described in this count was undertaken intentionally, with malice, deliberate indifference, and/or with reckless disregard of Plaintiffs' rights.

**ANSWER: Defendant Dart answers Paragraph Thirty-Nine as follows: Defendant Dart denies the allegations in Paragraph Thirty-Nine.**

40. The unconstitutional actions of the Defendants were the direct and proximate cause of Plaintiffs' harm.

**ANSWER: Defendant Dart answers Paragraph Forty as follows: Defendant Dart denies the allegations in Paragraph Forty.**

## COUNT II
### 42 U.S.C. § 1983 Claim for First Amendment Retaliation

41. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

**ANSWER: Defendant Dart reasserts his answers to Paragraphs One through Forty.**

42. Through voicing their opinion via an article in the Chicago Sun-Times, Plaintiffs were participating in protected First Amendment activity. Defendants took the aforementioned actions to deter Plaintiffs from continuing to engage in this First Amended protected activity. This First Amendment protected activity was the motivating factor in Defendants' decision to terminate Plaintiff's security clearance and to further retaliate against Plaintiffs, and punish them for the exercise of their First Amendment rights.

**ANSWER: Defendant Dart answers Paragraph Forty-Two as follows: Defendant Dart denies the allegations in Paragraph Forty-Two.**

43. The misconduct described in this count was undertaken intentionally, with malice, deliberate indifference, and/or with reckless disregard of Plaintiffs' rights.

**ANSWER: Defendant Dart answers Paragraph Forty-Three as follows: Defendant Dart denies the allegations in Paragraph Forty-Three.**

44. As a result of the misconduct described in this count, Plaintiffs' rights were violated and they suffered harm.

**ANSWER: Defendant Dart answers Paragraph Forty-Four as follows: Defendant Dart denies the allegations in Paragraph Forty-Four.**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against all Defendants, and for monetary relief including punitive damages, and attorneys' fees and costs, and for any other relief that this Court deems just and proper.

**ANSWER: Defendant Dart denies that Plaintiffs are entitled to any relief whatsoever.**

## AFFIRMATIVE DEFENSES

1. **AFFIRMATIVE DEFENSE #1: QUALIFIED IMMUNITY**

**The conduct of Sheriff Dart was at all times objectively reasonable and did not violate any of Plaintiffs' clearly established constitutional rights. Accordingly, Sheriff Dart is entitled to the defense of qualified immunity.**

2. **AFFIRMATIVE DEFENSE #2**

**Any restrictions on Plaintiff's First Amendment rights are justified by the legitimate countervailing government interests of the Sheriff's Office, as a government agency, in promoting the efficiency of the public services it provides and in preventing potential disturbance and disruptions that might be cause among the population of individuals in custody. See *Board of Cty. Comm'rs., Wabaunsee Cty., Kan. v. Umbehr*, 518 U.S. 668, 680 (1996) (citing *Pickering v. Board of Educ.*, 391 U.S. 563, 568, (1968)); *Hicks v. Ill. Dep't of Corr.*, 2024 U.S. LEXIS 18021 (7th Cir., July 23 2024).**

**JURY DEMAND**

Defendants demand a trial by jury.

                                                            Respectfully submitted,

                                                            KIMBERLY M. FOXX
                                                            State's Attorney of Cook County

By:      */s/: Edward M. Brener*
           Edward M. Brener
           Prathima Yeddanapudi
           Assistant State's Attorneys
           500 Richard J. Daley Center
           Chicago, Illinois 60602
           (312) 603-5971
           Edward.brener@cookcountysao.org